[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert Karanian, brings this action in two counts: Count one sounds in negligence, with Count two in intentional assault.
The defendant, Jorge Santos, denies the material allegations of the complaint and raises special defenses.
The background to the present action involves two automobiles that did not result in any contact between them, but which set up elements of "road rage" that did result in physical contact between the two parties herein.
The factual situation herein that precipitated this action began when the defendant stopped the car he was driving on Lexington Street, at a stop sign leading into West Main Street, New Britain. The traffic was heavy on West Main Street. The defendant was attempting to turn left onto the street, which required that he cross a lane of traffic. While the defendant waited for a break in the line of cars immediately in front of him, the plaintiffs car driving in the far lane on West Main Street, stopped in front of the defendant to turn left into Lexington Street. Thus, the defendant was forced to wait not only for a break in the line of cars going to his right, but also for the plaintiff's car to complete its left turn onto Lexington Street. This irritated the defendant, and he shouted at the plaintiffs car. Someone in the plaintiff's car responded orally, or by gesture, as the cars passed each other. Then, upon entering Lexington Street, the plaintiff's car stopped; and the plaintiff got out to deposit mail at an adjoining box. During this time the defendant drove off onto West Main Street; however, upon seeing the plaintiff's car stop, immediately reversed his direction, returning to park on West Main Street at Lexington Street. He exited his car and ran over to the plaintiff who was walking to the mailbox. There was a loud exchange of words between the parties. The plaintiff ended this exchange by pushing CT Page 7914 by the defendant with the defendant pushing back. The pushing immediately degenerated into fisticuffs; then into wrestling on the ground until the parties were separated by onlookers; whereupon, the defendant returned to his car and drove off. The plaintiff remained at the scene until police arrived. The defendant had, by then, returned to the scene.
As a result of the parties' physical encounter, the plaintiff suffered an injury to his nose as well as various scrapes and bruises. The defendant also received similar injuries. Both had their clothing bloodstained and torn.
As between the parties there was an age differential of about fifteen years. The plaintiff was in his late 40's, and the defendant in his early 30's. The plaintiff was about 6' tall weighing about 195 lbs; the defendant about 5'5" and weighed 165 lbs. The defendant, however, had served as a Marine for about ten years, the plaintiff led a more sedentary legal career.
In spite of their disparate backgrounds, they had felt it necessary to resort to physical altercation to resolve what was essentially a traffic problem.
The court after hearing the evidence presented by the witnesses, examining the exhibits and applying the applicable law, determines that even though there may have been words and gestures exchanged among the occupants of the automobiles — since each car had passengers beside the drivers — there were no physically aggressive actions between the parties until the defendant approached the plaintiff. At that time, he verbally accused the plaintiff of inappropriate and improper actions while in the car. The plaintiff responded in kind. However, it was not until the plaintiff attempted to push past the defendant that the physical altercation occurred.
The situation herein is not such that fault is completely one-sided. The court does, however, find fault to a greater degree upon the defendant for approaching the plaintiff in an accusatorial voice and manner, which initiated the physical contact between the parties.
Thus, the court finds that the defendant is at fault to the extent of 60 percent for negligently approaching and initiating the disagreement between the parties. The court also assigns to the plaintiff the remaining portion of 40 percent of the fault for negligently contacting the defendant in proceeding forward when the defendant was directly in his path.
Further, the court finds that the plaintiff suffered damages in the sum CT Page 7915 of $5,000 of which 100 percent is economic and 0 percent is non economic, and that the defendant is 60 percent causally responsible for this damage, which amounts to the sum of $3,000.00.
Therefore, judgment may enter for the plaintiff on Count One of his complaint in the sum of $3,000, together with court costs.
Further, as to Count Two, the court finds these issues for the defendant.
 ___________________ Kremski, J.T.R.